# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 4, 2010

138577(97)(99)(101)(102)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ALEXANDER ACEVAL,
      Defendant-Appellant.
_____/

SC: 138577
COA: 279017
Wayne CC: 05-003228-01

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

On order of the Court, the motion for reconsideration of this Court's September 25, 2009 order is considered, and it is GRANTED. We VACATE only that portion of our order dated September 25, 2009 that denied leave to appeal. On reconsideration, the application for leave to appeal the February 5, 2009 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(H)(1). At oral argument the parties shall address whether the prosecution's acquiescence in the presentation of perjured testimony in order to conceal the identity of a confidential informant amounts to misconduct that deprived the defendant of due process such that retrial should be barred. The parties may file supplemental briefs within 42 days of the date of this order, but they should not submit mere restatements of their application and reconsideration motion papers.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

The motions for appointment of alternate jurist, for disclosure and remand to the Court of Appeals, and for stay are DENIED.

WEAVER, J. (*concurring*).

I join in and concur fully with the order granting reconsideration and directing that oral argument be heard on the application for leave to appeal. I note in this case that last September 25, 2009 Justice CORRIGAN stated:

"I am not participating because I may be a witness in a related case."

Regarding this statement, on September 28, 2009 *The Detroit News* reported:[1]

> "Contacted at her home by *The News* on Sunday, Corrigan said, 'I was asked to be a character witness, and I agreed.'"

The "related case" is *People v Waterstone*, No. 140775, a case involving charges of perjury against a judge who presided over proceedings in this instant case, *People v Aceval,* in which Justice CORRIGAN has stated:

> "I am not participating because I may be a witness in this case."

> The Code of Judicial Conduct Canon 2C states:

>> A judge should not allow family, social, or other relationships to influence judicial conduct or judgment. A judge should not use the prestige of office to advance personal business interests or those of others. A judge should not appear as a witness in a court proceeding unless subpoenaed.

> Has Justice CORRIGAN agreed to be a "character witness" in the "related case," *People v Waterstone,* as quoted in *The Detroit News*?

> Has Justice CORRIGAN been subpoenaed in the "related case," *People v Waterstone*? If so, when?

> What is Justice CORRIGAN's relationship, if any, to the accused defendant Judge Waterstone in the "related case," *People v Waterstone*?

> CORRIGAN, J., states as follows:

> I am not participating because I may be a witness in a related case.

---

[1] *The Detroit News*, "Supreme Court judge could be trial witness." Doug Guthrie, September 28, 2009.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 4, 2010

d0601

Clerk